United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10649
Summary Calendar

OLIVIA GIBSON,

Plaintiff-Appellant,

versus

LIBERTY MUTUAL GROUP

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2306-D
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

The plaintiff, Olivia Gibson, appeals from the district court's granting of summary judgment to the defendant, Liberty Mutual Group. Finding no error, we AFFIRM.

The plaintiff filed suit against the defendant raising contractual and extracontractual claims arising from the defendant's refusal to pay a theft loss claim made under a home owner's insurance policy. The defendant removed the case to federal court and moved for summary judgment, contending that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record established that the theft was committed by the plaintiff's estranged husband, Jared Harris, a named insured, and thus excluded from coverage. The district court granted the motion and the plaintiff timely appealed.

We review a district court's decision to grant or deny summary judgment de novo, applying the same legal standards as the district court. *Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 354 (5th Cir. 2004). Summary judgment is proper if, when viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiff appears to argue on appeal that (1) Harris was not a named insured, and (2) the defendant has not established that Harris committed the theft. The declaration page of the insurance policy at issue shows that Harris was a named insured from November 1998 to November 1999, the period in which the loss occurred. The plaintiff claims that the defendant improperly added Harris to the insurance policy without her knowledge or consent. The only evidence supporting the plaintiff's assertion is an affidavit from her son, Bennie Gibson, stating that he "learned that on November 4, 1998, [Harris] called [the defendant] and added himself as a listed insured, over the phone, to my mother's homeowner's policy. These changes were made without any verbal or written instruction, approval, or signature from my mother. [Harris] did not have the

legal capacity at the time to make such changes to my mother's policy." The district court properly struck this portion of the affidavit because it contains legal conclusions and hearsay and was not based upon Bennie's personal knowledge. See Fed. R. Civ. P. 56(e), Fed. R. Evid. 802, 701. Accordingly, there is no evidence supporting the plaintiff's claim that Harris was improperly added to the insurance policy.

The insurance policy at issue insures against a loss due to a "[t]heft, including attempted theft and loss of property from a known place when it is likely that the property has been stolen[,]" but it does not cover a "loss caused by theft . . . [c]ommitted by an insured." The district court relied on the following evidence in concluding that the theft for which the claim was submitted was committed by Harris: (1) Bennie's sworn petition, filed in Oklahoma District Court, in which he averred that he should be appointed the plaintiff's guardian because, among other reasons, Harris "removed all of [the plaintiff's] personal property and jewelry valued at over $5,000", and (2) the plaintiff's assertion in her original petition in this case that she "brought a claim to [the defendant's] attention, claiming that approximately $35,000 of her personal property had been stolen and/or converted by Mr. Jared Harris."[1]

---

[1] The plaintiff initiated her case in the Texas courts. Accordingly, she filed an "original petition" rather than an "original complaint."

The plaintiff argues that the district court should not have relied upon Bennie's sworn petition because it was somehow "incomplete". The petition was signed by Bennie, under oath, notarized and submitted to the court. Accordingly, we fail to see how the petition is incomplete. Furthermore, the plaintiff is bound by the admission in her original petition in this case that Harris was responsible for the theft for which she submitted a claim. We find no error in the district court's opinion.[2]

The judgment of the district court is thus AFFIRMED.

AFFIRMED; MOTION TO VACATE ORDER AND MEMORANDUM OPINION, MOTION TO REMAND AND REVERSE DECISION AND WAIVER OF APPELLATE BRIEF, AND MOTION FOR SANCTIONS AND COSTS DENIED.

---

[2] The plaintiff has filed the following motions: (1) Motion to Vacate Order and Memorandum Opinion, (2) Motion to Remand and Reverse Decision and Waiver of Appellate Brief, and (3) Motion for Sanctions and Costs. Because we find no error in the district court's opinion, we also find no merit to any of the plaintiff's motions.